## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| REYNALDO B. SLEZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-1477 |
| ) | |
| INDEPENDENT COURIER SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| REYNALDO B. SLEZAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-1037 |
| ) | |
| STEVE LOVELESS and MICHELLE ) | |
| LOVELESS, ) | |
| ) | |
| Defendants. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Agreed Motion to Consolidate Cases (12-cv-1477, Doc. 13; 13-cv-1037, Doc. 6), filed on February 1, 2013. For the reasons stated below, this Motion is granted.

Plaintiff filed a Complaint against Independent Courier Services (ICS) on November 16, 2012. (12-cv-1477, Doc. 1). The Complaint brings two causes of action against ICS: 1) a violation of the Fair Labor Standards Act (FLSA) for failure to pay overtime, and 2) a claim of retaliatory discharge because Plaintiff complained about ICS' failure to pay overtime. Subsequently, on January 24, 2013, Plaintiff filed a

Complaint against Steve Loveless and Michelle Loveless, officers of ICS. (13-cv-1037, Doc. 1). This Complaint raises the same two claims as those in the earlier filed case, and alleges virtually identical facts. The only notable difference is that the later Complaint is against officers of ICS instead of the company itself.

On February 1, 2013, Plaintiff filed the Agreed Motion to Consolidate Cases in both cases. The parties note the "near-identity of most of the matters of fact and law at issue." (13-cv-1037, Doc. 6 at 3). The parties also assert that if the cases are consolidated, they will proceed in both cases in accordance with the discovery plan and dispositive motion deadline set in the earlier filed case, and would try the cases together on the date currently scheduled for the earlier filed case if this Court deems it appropriate. (13-cv-1037, Doc. 6 at 3).

The Court finds, in its discretion, that consolidation of these two cases for discovery and trial is appropriate under Federal Rule of Civil Procedure 42(a). The questions of law and fact are virtually identical in both cases. Consolidation of these trials will certainly serve the goals of judicial efficiency and the avoidance of inconsistent verdicts. Both cases are in the very early stages of litigation. It appears no delay or complications will arise from consolidation of these cases.

IT IS THEREFORE ORDERED that Plaintiff's Agreed Motion to Consolidate Cases (12-cv-1477, Doc. 13; 13-cv-1037, Doc. 6), is GRANTED. Cases 12-cv-1477 and 13-cv-1037 are consolidated for purposes of discovery and trial. The discovery plan, dispositive motions deadline, and trial and pretrial dates adopted in case number 12-cv-1477 are hereby adopted for case number 13-cv-1037. Parties SHALL file all

future filings, motions, notices, and other documents in the earlier filed case, *Slezak v. Independent Courier Services, Inc.*, No. 12-cv-1477.

Entered this 5th day of February, 2013.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
